Hon. Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DON CARR,<br><br>Plaintiff,<br><br>v.<br><br>HOMELAND PATROL DIVISION SECURITY, LLC, JOSHUA STIVERS, STEPHEN PANSINI, BOLD IP, PLLC, and JOHN HOUVENER,<br><br>Defendants. | Civil Action No. 2:23-cv-00417-TL<br><br>STIPULATED MOTION AND ORDER TO SUBSTITUTE PARTY PLAINTIFF<br><br>NOTE ON MOTION CALENDAR:<br>June 16, 2023 |

All parties jointly stipulate and move the Court to allow Mr. Carr to withdraw as the plaintiff and to substitute in his place his trustee in bankruptcy, Mark D. Waldron. With this substitution, the plaintiff would be "Mark D. Waldron, Trustee, for the bankruptcy estate of Don Carr." Mark D. Waldron, as Trustee, joins in this requested substitution.

**STIPULATION**

As the Court has previously been informed (Dkt. #21), Mr. Carr filed a Chapter 7 Voluntary Petition on March 20, 2023, in the United States Bankruptcy Court for the Western District of Washington, Case No. 23-40424-MJH. The present action in this Court was filed that same day.

STIPULATED MOTION AND ORDER - 1
Carr v. Homeland Patrol Security - Stip Order Substituting Plaintiff

On May 30, 2023, the undersigned counsel for Mr. Carr was appointed as Special Counsel on behalf of the estate of Mr. Carr to represent the estate in this action.

Having filed the bankruptcy petition, Mr. Carr's legal interests in the claims in this action passed to his bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004). Only a representative of the estate has standing to sue for causes of action that belong to the estate. 11 U.S.C. § 323; *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994). As such, only the trustee, and not Mr. Carr, has standing to sue on the asserted claims. The Federal Circuit has held that the above principles apply to a claim for correction of inventorship. *Perrie v. Perrie*, 727 Fed. Appx. 673 (Fed. Cir. 2018).

A plaintiff must be the "real party in interest," possessing the right to sue under the applicable substantive law, in order to pursue a claim. *See U-Haul Intern., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986). If the original plaintiff's interests are transferred, or he otherwise is not the real party in interest, the defect can be cured by substitution within a reasonable time, either pursuant to Federal Rule of Civil Procedure 17 or 25. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); Fed. R. Civ. P. 25(a)(3) ("If an interest is transferred, the action may be continued by . . . the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

"Because the trustee becomes the real party in interest, substitution under Rule 25(c) is proper where the trustee seeks to continue forward with the lawsuit." *Hicks v. CitiGroup, Inc.*, No. C11-1984-JCC, 2012 WL 12878689, at *2 (W.D. Wash. Oct. 16, 2012); *See also In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) ("This is a classic situation where the rules for substitution of

STIPULATED MOTION AND ORDER - 2

parties must apply. . . . As the Fifth Circuit has said, 'Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands.") (quoting *In re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981)).

A motion to substitute under Rule 25(c) "is directed to the sound discretion of the court, taking into account the exigencies of the situation. It is within the discretion of the court to . . . order substitution of the party to whom interest has been transferred[.]" *First Am. Sav. Bank, F.S.B. v. Westside Fed. Sav. & Loan Ass'n*, 639 F. Supp. 93, 95-96 (W.D. Wash. 1986). Courts "routinely approve" substitution of a bankruptcy trustee in similar circumstances, even where the debtor-plaintiff failed to disclose the legal claim in the bankruptcy petition. *An Pham v. Allstate Indem. Co.*, No. C10-1844RAJ, 2011 U.S. Dist. LEXIS 144053, at *6 (W.D. Wash. Dec. 13, 2011) (finding substitution of the bankruptcy trustee, as the real party in interest, appropriate under Fed. R. Civ. P. 17(a)); *In re Bernal*, 207 F.3d at 598 (9th Cir. 2000) (assignment of an interest in the litigation "is a classic situation where the rules for substitution of parties must apply").

Accordingly, the parties stipulate and request that "Mark D. Waldron, Trustee, for the bankruptcy estate of Don Carr" be substituted as the party plaintiff in the place of Mr. Carr. As part of this stipulation, Mr. Carr agrees to accept service of subpoenas (if any) seeking discovery for use in this action by email, thereby waiving formal service of such subpoenas.

///

///

///

///

///

STIPULATED MOTION AND ORDER - 3

Presented and stipulated by:

| | |
|---|---|
| LOWE GRAHAM JONES PLLC | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| s/ Lawrence D. Graham<br>Lawrence D. Graham, WSBA No. 25,402<br>Graham@LoweGrahamJones.com<br>1325 Fourth Avenue, Suite 1130<br>Seattle, Washington 98101<br>(206)-381-3300 | s/ Carinne E. Bannan<br>Carinne Bannan, WSBA No. 52564<br>Carinne.Bannan@wilsonelser.com<br>520 Pike Street, Suite 1515<br>Seattle, Washington 98101<br>(206) 709-5899 |
| *Attorneys for Plaintiff Don Carr and Mark D. Waldron, Trustee, for the estate of Don Carr* | s/ Dirk J. Muse<br>Dirk Muse, WSBA No. 28911<br>Dirk.Muse@wilsonelser.com<br>520 Pike Street, Suite 1515<br>Seattle, Washington 98101<br>(206) 709-5878 |
| | *Attorneys for Bold IP PLC and John Houvener* |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | s/ Christie R. W. Matthaei<br>Christie R. W. Matthei, WSBA No. 44456<br>Christie.Matthaei@knobbe.com<br>925 Fourth Ave. Ste. 2500<br>Seattle, Washington 98104<br>(206) 405-2000 |
| | s/ Logan P. Young<br>Logan P. Young, WSBA No. 58583<br>Logan.Young@knobbe.com<br>925 Fourth Ave. Ste. 2500<br>Seattle, Washington 98104<br>(206) 405-2000 |
| | *Attorneys for defendants HPDS, Joshua Stivers, and Stephen Pansini* |

STIPULATED MOTION AND ORDER - 4

**ORDER**

Pursuant to the Parties' stipulated motion to substitute Plaintiff (Dkt. No. 25) and Federal Rules of Civil Procedure 17(a)(3) and 25(c), the stipulated motion is GRANTED. "Mark D. Waldron, Trustee, for the bankruptcy estate of Don Carr" shall be substituted as the party Plaintiff in this matter going forward.

IT IS SO ORDERED.

Dated this 23rd day of June, 2023.

Honorable Marsha J. Pechman
United States Senior District Judge